■ In the Matter of the Arbitration between S. M. ROSE CORPORATION, Appellant, and SAM MEYERS, as President of Local 259, United Automobile Workers, Respondent.—Judgment (denominated an order) of the Supreme Court, Bronx County, entered on March 26, 1976, denying petitioner-appellant's application to stay arbitration, dismissing said petition, and granting respondent's cross petition to compel arbitration, unanimously affirmed, with $40 costs and disbursements of this appeal to respondent. There was a valid agreement to arbitrate the disputes here involved. There is a "Federal and State policy favoring arbitration as a means of resolving labor disputes." *(Board of Educ. v Associated Teachers of Huntington,* 30 NY2d, 122, 128.) The agreement provided for arbitration of "any grievance or dispute * * * between the Employer and the Union." The items of dispute objected to by the employer are whether the employer was "violating said agreement" by subcontracting certain work and by failing to consult with employees in making up repair estimates, etc. This is plainly a claim by the union that the employer is violating the agreement. That the claim may not be valid or even tenable is not a ground for the court to deny arbitration.

The statute governing arbitrations expressly so provides: "In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute." (CPLR 7501.) A somewhat similar dispute relating to contracting out of work, where the employer contended that there was no provision in the contract forbidding that practice, was nevertheless held to be arbitrable in *Matter of Fitzgerald (General Elec. Co.)* (19 NY2d 325). There too the employer argued that the collective bargaining history between the parties showed "that they intended to exclude contracting out from arbitration," but the court held that such evidence would be irrelevant to the issue presented to the court "as to whether the dispute is arbitrable" (p 331). The employer argues that the issue intended to be raised as to the failure to consult with body shop employees in making up repair estimates would involve a violation of the antitrust laws and is therefore not arbitrable. While it is true that the enforcement of antitrust policy cannot be left to arbitration *(Matter of Aimcee Wholesale Corp. [Tomar Prods.]*, 21 NY2d 621), there is no showing here that the union's proposal would, as a matter of law, be violative of the State's antitrust policy; nor has there been even a prima facie showing that there would be a violation of antitrust policy. At least in the absence of such a showing, the arbitration is not to be prevented. *(Matter of Schachter [Witte & Co.]*, 52 AD2d 121, 124.) All we have is a statement of the issue to be arbitrated, "Is the Employer violating said agreement by failing to consult with body shop employees in making up repair estimates and failing to provide repair orders to these employees?" Until we know more concretely what the union wants with respect to this item, and what the arbitrators direct, and perhaps even how it will work out in actual practice, we cannot say that there is or will be a violation of the antitrust laws. Concur—Kupferman, J. P., Lupiano, Silverman and Capozzoli, JJ.